Good morning, your honor. May it please the court, Robert Fischer of Aden-Golden on behalf of appellant Peter Wojciechowski and the putative class. I'd like to try and reserve two minutes for rebuttal. Res judicata is an equitable doctrine. The ban against claim splitting is meant to balance the interest of repose for the judicial system and defendants with the interest of allowing potentially meritorious claims to go forward. Could you keep your voice up a little bit? Sorry, yes. The decision below respectfully did not strike the right balance. It gave Kohlberg a release when the court approved settlement to the suit expressly stated the opposite. Now, Kohlberg urges this court to accept a species of privity that endures regardless of intervening events and that endures to the benefit of defendants without ever making them bear the counterweight responsibility for the actions of their purported privies in defending and settling litigation. Kohlberg calls itself a party to the initial litigation while simultaneously repudiating the terms on which that litigation settled. Kohlberg wants the affirmative res judicata rule to apply based on its relationship with ClearEdge, but the exceptions to the rule it contends do not apply based on the very same relationship. But let me ask you, so before the bankruptcy proceeding was underway, it was at your position or your position that they were in privity, that there was such a close relationship between the two? I believe so. Kohlberg and ClearEdge? Yes, there would have been privity before the bankruptcy started. Right, so bankruptcy, the bankruptcy proceeding is initiated and that ends any privity at that point. I think that Kohlberg has not disputed that the bankruptcy relationship terminated the privity relationship. When a bankruptcy is filed, in Chapter 11, the debtor becomes a debtor in possession, which is more akin to a trustee, and it's required to act in the interest of its creditors. So I think that in terms of the usual types of control that are manifested in a regular privity relationship, that would be terminated by the bankruptcy. Is there any suggestion that during the bankruptcy proceedings, ClearEdge was attempting to look out for the interest of Kohlberg? I'm not aware of any. I think that it may be possible that in the plan would have releases that would be third-party releases. That's very common, and some of the third parties that would be released would be apparent. Obviously, in this case, the specific release that was negotiated did not release the pair. The ban against claim splitting is designed to prevent strategic piecemeal litigation. A plaintiff who seeks to evade a prior bad decision or seeks to split his claim is for strategic purposes to pursue more relief than he could get in one litigation. You could have brought the claim against Kohlberg, though, in bankruptcy court, right? Well, as a technical matter, it may have been possible to have brought the claim against Kohlberg in bankruptcy court, but whether it's advisable to bring that claim is a different story. Is there a difference between advisable and it could have been brought? I mean, was it a strategic decision not to add Kohlberg to the bankruptcy proceedings? I think that it's difficult and hindsight to say, but I think that had the plaintiff tried to amend his complaint and add Kohlberg at that time in the bankruptcy proceeding, the judge likely would have rejected it. Well, I suppose when you filed the adversary proceeding, you just didn't name Kohlberg. Well, at that time, we didn't have enough information to name Kohlberg. So as we've said in our brief, there are numerous examples of 12b6 motions for the single employer parents being dismissed out of cases because the allegations in the complaint are insufficient. And then in this that was necessary to make those allegations only was given to the plaintiff as part of discovery, which occurred in 2015. So he couldn't have named Kohlberg initially because he didn't have sufficient information to allege that, for example, Kohlberg was responsible for the termination of the Warren class without notice. So what you're saying is that you could have asked the bankruptcy court to amend to add Kohlberg. I think that the plaintiff could have asked for leave to amend to add Kohlberg. There's a likelihood that the bankruptcy court would have rejected that. And so the plaintiff took another course, which is negotiated a settlement. I'd like to interject a question if I may, because I understand that the settlement agreement that resulted in the judgment in the bankruptcy adversary proceeding expressly said that it wasn't releasing claims against third parties who may or may not be affiliated with the clear edge parties and that they specifically included Kohlberg. And also my question was going to be for you. Am I correct that both the Fourth Circuit and the Eleventh Circuit have issued opinions saying that where a judgment is based on a settlement, that we look at the intent of the parties rather than traditional res judicata principles to determine preclusive effect? Your Honor, I think that's correct. And I think also it's correct that the Ninth Circuit had issued such a decision because in FTC v Garvey, this court looked towards the settlement agreement that was reached and concluded that even though the second sued parties were enjoined by that settlement agreement because there was no monetary damages that they had to pay, the second suit could be brought against them. So I think that in addition to the two other circuits you named, this circuit has also held that when a settlement agreement is reached, you have to look towards the terms of that settlement agreement because that's the basis on which the case is dismissed. And in essence, the res judicata effect of that case is circumscribed by the scope of the release. So the parties to the initial litigation define what the initial litigation was about. And then that later determines what suits can be brought. And that's a logical result because the settlement that's being is being bought by the plaintiffs for a release and the scope of the release is what's going to determine the value that those plaintiffs can get in the settlement negotiation. So in this case, the settlement was with ClearEdge, which was a bankrupt debtor. And ClearEdge was only able to buy a release for itself. If ClearEdge could have paid more, perhaps it could have bought a release for Kohlberg as but it couldn't pay that. And so the plaintiffs settled the case for what's within the four corners of the settlement agreement here. Kohlberg's now trying to glom onto that with the release that it hasn't really paid for. And it's contrary to the terms of the settlement agreement. Again, the court approved that settlement agreement. So that's another one of the exceptions that would apply here at the court in approving a class settlement under Rule 23E. It has to look at the terms of the settlement agreement and determine that they're fair. And one of the key elements in determining that a class settlement is fair is looking at the scope of the release. So if this were, for example, a general release of all claims by the Warren class, including things that had nothing to do with Warren, the court would have rejected it. If, for example, the agreement had included Kohlberg, the court theoretically could have rejected the settlement. And I don't think class counsel would have put their support behind the settlement, which is something that the court looks at in approving or rejecting a settlement if the court, sorry, if Kohlberg had been released for this amount of money. So essentially there's a give and take. The amount of money is determining the scope of their release. And for Kohlberg to get the benefit of a release, which expressly states that it's not part of it, is an unfair result. Okay, counsel, I don't know if you wanted to save some time for rebuttal. Yes, thank you, Your Honor. I'll add a minute to your rebuttal time and I'll add a minute to the time of your opponents from Kohlberg. Thank you. Good morning, Your Honors. My name is Dan Teamey. I'm here with George Tische. We are with Littler Mendelson and we represent the defendant Kohlberg Ventures. We are here to ask Your Honors to affirm the trial court for the reasons well articulated in the trial court's decision. Let me start by focusing in on the particular nature of res judicata that we argue is applicable here. There are lots and lots of cases about res judicata being applicable to parties that were not there in the first lawsuit based on a theory of adequate representation or virtual representation, what have you. Class actions are a good example of that. That is not the doctrine of res judicata that we are dealing with here. Kohlberg never relied on it. It has nothing to do with this case. The doctrine of res judicata that we are relying on is the doctrine that when a plaintiff is looking at suing a defendant and they are aware, excuse me, and they are aware that there is another very potential defendant against which they have the exact same claim because of that underlying relationship that the burden is on the plaintiff to bring both defendants before the court in order to avoid inconsistent results if that claim were to be split and in order to conserve judicial resources. And which Ninth Secret case do you rely on for that proposition? The Davis Wright case, Your Honor, in which Judge Rothstein came to that conclusion and the Ninth Circuit adopted her decision. That was a district court opinion? That was a district court opinion by Judge Rothstein which was appealed to the Ninth Circuit and the Ninth Circuit affirmed expressly on the basis of that court's opinion. Did they affirm in a published opinion or an unpublished disposition? Yes, Judge Gould, it was a published decision which we provided in our notice of supplemental authorities in which the court affirmed explicitly, I apologize for the frog, which the court affirmed explicitly for the reasons stated in the district court decision. It wasn't a mandatory joinder, was it? I'm sorry? It wasn't a mandatory joinder of Kohlberg and the bankruptcy. It was not mandatory joinder under Rule 20, which is a distinct issue which involves distinct policies. The question with mandatory joinder, necessary party under Rule 20 is, is the plaintiff permitted to choose to sue only some but not all potential defendants? That's the plaintiff's choice. They can choose to pick who they want to sue and not sue others at the risk of race judicata. Someone's a necessary party only if the plaintiff is prohibited from proceeding in the lawsuit unless they join the additional party. So Kohlberg won either one? Kohlberg was not a necessary party, no. And they're not asking for the penalty and not trying to get a double recovery. They're trying to be made whole under Warren. Is that correct? Correct. They had a partial recovery because of the defenses that Clear Edge had to the case. It was a compromised settlement and plaintiffs are seeking to obtain additional recovery of their damages from Kohlberg. So Kohlberg subsidiary went in bankruptcy and discharged their debts, paid pennies on the dollar under Warren, and now Kohlberg relies on that to keep from not, they didn't have to go into bankruptcy. And now they stand race judicata for the remainder of the Warren claims. Well, there's no showing in the record that there was a pennies on the dollar settlement. The record. Well, I guess I assume that because, well, whether it's 90 pennies on the dollar, I just assume that because the suit against Kohlberg was to make them whole. The difference between what they got in the bankruptcy judgment and what they were owed. It was less than 100 percent recovery. Yes. And the basis for these on the dollar. That's fair. That's fair. Make whole. That's fair. And the basis for the court's order approving the class action settlement was that the compromised settlement was fair and reasonable because of the defenses that but the focus of this doctrine of race judicata, and let me go back to Judge Peyas's earlier question about the Ninth Circuit Authority rely on. If you also look at the FTC case that the plaintiff cited in their reply, there is dicta in that Ninth Circuit decision in which the Ninth Circuit looked at an indemnitor relationship, said, well, there was an argument here that the second defendant was in an indemnitor indemnity relationship with the defendant in the first case, closely related parties related to the underlying claim. And on that basis, that would have provided a basis for privity for race judicata. But the court concluded that the basis of the second lawsuit was not the indemnity indemnitor relationship. So in that FTC case, the court adopted the theory that we are asking the court to follow here, but simply found it inapplicable to that case on the facts in that case. Counsel, I'd appreciate if you could address this. I think that your colleague on the opposite side of the case has urged us that there's a Ninth Circuit case he cited that he thinks goes the same way as the Fourth Circuit and the Eleventh Circuit. So could you address that case? Thank you, Your Honor. Let me address the question of is the settlement agreement what defines the scope of the race judicata effect of the judgment. And it is my understanding that as a general proposition, that is generally the law in at least the circuits that Your Honor has identified. I can't speak to the Ninth Circuit. I don't have a recollection of that. Where that makes sense is where you're construing the scope of the judgment between the entities that were parties to the first lawsuit. Because they entered into that settlement agreement, they should be bound by their There's no logic to extending an agreement theory to the species of race judicata that Kohlberg relies upon because Kohlberg was not a party to the underlying settlement. The whole public policy doctrine behind this closely related parties to the underlying claim species of race judicata is to stop the plaintiff from choosing, making an election to split essentially a single cause of action into two pieces because of the impact on the judiciary and the potential for inconsistent results. If we were to allow the agreement in the first case to govern whether that was permitted, we would permit that splitting to occur at any time because the defendant in the first case, having been sued alone, will always have an interest in selling out the potential second defendant in order to get to the settlement that they want to have in the first case. So although I would agree with Your Honor that as a general proposition it makes sense that the agreed terms of a settlement define race judicata as between the parties to that settlement, I do not agree that that applies to this case where Kohlberg was not a party to the settlement. Okay, thank you, counsel. As a follow-up, if we adopted the theory that you advocate, then would you view it that we would have to create a circuit split with the 4th and 11th circuits, or does your reasoning distinguish those? My reasoning distinguishes those. I am not aware of any decision that has held an individual or entity that was not a party to the first settlement to the terms of the first settlement. Similarly, with the express reservation theory, which is the plaintiff's alternative theory for relying on the carve-out of third parties, quote-unquote, in the release, there is not a single case that I'm aware of, and none has been cited to this court, in which a court has applied that theory to impose the terms that a court entered in the first case on a second party in a second case that was not a party to the first case. I don't mean to repeat what you said, but you mentioned the Davis case? The Davis-Wright case. Davis-Wright case. I'm just looking at the list of cases in your brief. Oh, we cited it in our notice of supplemental authorities. Oh, I missed it. And attached it there. I'm sorry, I missed it. So I didn't read it. I apologize for that, Your Honor. It was raised by... It wasn't in your brief. It's not listed here. Correct. It was not in our brief. And it's not in his brief. It arose for the first time because of a case that plaintiff cited for the first time in plaintiff's reply, which cited to the Davis case. Okay. And which is why we raised the Davis case in our notice of supplemental authorities. I'll check it out. Thank you, Your Honor. I also want to pick up on Judge Paez's comment you made earlier about the plaintiff's ability to have added Kohlberg as a defendant in the adversary proceeding in bankruptcy. There was 21 months that expired from the filing of the original adversary complaint until the bankruptcy plan was approved in that case. And plaintiff argues the bankruptcy plan would have made it impossible for them to add Kohlberg. There was over six months that expired from the time that plaintiffs admit that their conclusion that they had a claim against Kohlberg was, quote, cemented. They haven't told us when they first concluded they had a claim, but it was at least cemented more than six months before the loss of bankruptcy authority. I would submit that on the record before this court, it is absolutely crystal clear that plaintiff could have added Kohlberg as a defendant had they not made a strategic election not to, and for the reasons we cited in our papers, that the bankruptcy court would have had both supplemental and ancillary jurisdiction, which they would have retained after the confirmation of the bankruptcy plan. Okay. Thank you, counsel. I think your time's up, but if you have another sentence or two, go ahead. I do not want to impose on the court's busy schedule. Thank you for your attention. Thank you for your argument, and we have a brief rebuttal. Your Honor. By the way, the time that was up included the extra minute. So I've given you both the same amount of time so far, so I'm trying to keep people to the time. Thank you, Your Honor. Your Honor, the Davis-Wright decision was affirmed in a per curiam decision by this court. As Judge Jack noted, the settlement was in some sense pennies on the dollar because there's a limited amount of priority claim that the employees get in bankruptcy, and so they can never really settle for the full value of their claim outside of bankruptcy when they're in bankruptcy. Other courts that have looked at the closely related defendant's doctrine that Kohlberg relies on have not looked at the effect of an intervening event that splits the interests of the parties. The Tenth Circuit in Medtronic indicated that it's only fair if there's, in that case, it was a Sherman Act conspiracy or combination. It's only fair if the plaintiff treats the defendants as co-conspirators or combined for purposes of the Sherman Act that they would be treated as combined for purposes of res judicata. But I think fairness also dictates that if the parties are going to be treated as combined for purposes of res judicata, they have to also be treated as combined for purposes of the exceptions, including expressly defining the terms of the res judicata effect of the initial action. The First Circuit has a series of cases that deal with closely related. That's correct, Your Honor. And one of the cases I think that Your Honor is referring to is the Airframe Systems versus Raytheon case. And in that case, there was an unincorporated division that was passed from one entity to another. And the litigation was, in each case, aimed at the actions of that division. So I believe it was a copyright infringement case. And the theories of the case were slightly different. But in each case, it was because this AIS division had engaged, allegedly, in copyright infringement. And so when it was passed from L3 to Raytheon, the parent was really being sued to get at the actions of this division. And the division was the same in both cases. And so that's the connection that was created there. Finally, Your Honor, Kohlberg has not cited to a single case in which a court has turned a court-approved settlement agreement inside out the way this one has. So the lower court's decision takes an agreement that says that a claim against Kohlberg under the Warren Act can proceed. And it says that a claim against Kohlberg under the Warren Act cannot proceed. And respectively, the court should reverse that decision. Thank you. OK. Thank you. I want to thank the Wojtkowski's. Wojtkowski, yes, Your Honor. The Wojtkowski's shall be submitted. And before you go, I want to thank counsel on both sides, Mr. Fisher and Mr. Thiem,  Thank you.
judges: Gould, Paez, Jack